[968 NYS2d 879]

In the Matter of LAWRENCE G. SPIVAK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 24, 2013

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Lawrence G. Spivak*, Jamaica, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The United States Court of Appeals for the Second Circuit

(hereinafter the Second Circuit), by order filed April 24, 2012 (469 Fed Appx 16 [2012]), publicly reprimanded the respondent for engaging in a pattern of failing to comply with scheduling orders of that court. The order directed that the respondent comply with various reporting requirements recommended by that court's Committee on Admissions and Grievances (hereinafter the CAG) in its September 2011 Report and Recommendation.

In an order dated February 4, 2010, the Second Circuit referred the respondent to the CAG for investigation of certain conduct by the respondent. A review of the cases filed in that court since January 1, 2007, in which the respondent was listed as an attorney of record revealed that he had a pattern of defaulting or otherwise failing to comply with that court's scheduling orders, resulting in a dismissal of those cases. The CAG conducted a hearing on November 17, 2010.

In a September 2011 Report and Recommendation, the CAG found that the respondent testified candidly and credibly, but did not express remorse appropriate to the situation. The CAG found that the evidence demonstrated, clearly and convincingly, that the respondent engaged in professional misconduct by violating the duty owed to his clients in failing to comply with the court's scheduling orders despite the court's repeated leniency in granting the respondent's requests for extensions. Under the totality of the circumstances, the CAG recommended that the respondent be publicly reprimanded, coupled with close monitoring of his practice of law.

By order filed April 24, 2012, the Second Circuit adopted the CAG's Report and Recommendation, publicly reprimanded the respondent for his misconduct, and directed him to comply with various specified reporting requirements.

In response to the notice pursuant to 22 NYCRR 691.3 from the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, the respondent has submitted a letter dated August 29, 2012, wherein no defenses are raised. The respondent does, however, ask that this Court consider the impact any discipline would have on his immediate family. Since no request for a hearing has been made, there is no impediment to the imposition of reciprocal discipline.

Based on the findings and discipline imposed by the Second Circuit, reciprocal discipline is imposed on the respondent pursuant to 22 NYCRR 691.3, and the respondent is publicly censured.

ENG, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that the application of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Lawrence G. Spivak, is publicly censured for his professional misconduct.